UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE KATZ,

Plaintiff,

v. Case No. 8:20-cv-2364-T-24 CPT

SOUTHERN-OWNERS INSURANCE COMPANY,

Defendant.
_______________________________/

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 4). Defendant opposes the motion. (Doc. No. 5). As explained below, the motion is denied.

**I. Background**

Plaintiff Janice Katz was injured in a car accident by an underinsured driver. As a result, on August 27, 2020, she filed suit in state court against her automobile insurance company, Defendant Southern-Owners Insurance Company, for uninsured motorist benefits. (Doc. No. 1-2). In her state court complaint, Plaintiff states that she is seeking damages in excess of $30,000.

In response, Defendant removed the case to this Court based on diversity subject matter jurisdiction. There is no dispute that the parties are diverse. However, Plaintiff argues that Defendant cannot show that the amount in controversy exceeds $75,000, and as such, the case should be remanded.

**II. Motion to Remand**

In evaluating Plaintiff's motion to remand, the Court is cognizant that Defendant has the burden of establishing that federal jurisdiction exists. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)(citation omitted). Since Plaintiff has not pled a specific

amount of damages in her complaint, Defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. See id. (citation omitted). As explained by one court:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

Id. at 1319–20.

On the other hand, “a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.” See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)(citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. See id.; see also Roe v. Michelin North America, Inc., 613 F.3d 1058, 1063 (11th Cir. 2010)(noting that a district court may “employ[] its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy”). However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)(citations omitted).

Defendant argues that it has shown that the amount in controversy exceeds $75,000 based on Plaintiff’s two pre-suit demand letters and her civil remedy notice. The Court notes that while pre-suit demand letters may be considered in determining the amount in controversy, “a court may refuse to credit the sum demanded if it does not correlate [to] the plaintiff’s damages.”

Ashmeade v. Farmers Ins. Exchange, 2016 WL 1743457, at *2 (M.D. Fla. May 3, 2016)(citations omitted). As explained by one court:

> Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); see also Ashmeade, 2016 WL 1743457, at *3.

Defendant first points to Plaintiff's February 10, 2020 pre-suit demand letter seeking $100,000 and setting forth the basis for her demand. (Doc. No. 5-1). In that demand letter, Plaintiff identified $26,799 in medical expenses relating to her back, neck, shoulder, and hip pain caused by the car accident. Additionally, she calculated her damages for past pain and suffering at $10 per hour, for 16 hours per day, for 407 days since the accident, which totaled $64,640. She used the same formula to calculate her damages for future pain and suffering (based on her life expectancy), which totaled $2,427,104.

Next, Defendant points to Plaintiff's March 31, 2020 civil remedy notice, in which she again valued her claim at the $100,000 uninsured motorist limit. (Doc. No. 5-2). Finally, Defendant points to Plaintiff's July 13, 2020 pre-suit demand letter, in which Plaintiff again demanded $100,000 and set forth the basis for her claim. (Doc. No. 5-3). In the July demand letter, in addition to the medical expenses and pain and suffering calculations set forth in the February demand letter, Plaintiff substantiated her $100,000 demand by attaching a life care plan that estimated her future medical costs related to her back injury and headaches as being between $650,000 and $920,000.

Upon consideration, the Court finds that Defendant has met its burden of showing that the amount in controversy exceeds the jurisdictional threshold. Plaintiff's past medical expenses of $26,799, combined with her future medical expenses (as detailed in the life care plan), clearly exceed $75,000.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 4) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of November, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record